**Jerry CUMMINS and Ernest Ray Posey, Plaintiffs,**

v.

**K–MART, INC., Lone Star Insurance Company, K-Mart Insurance Group, K-Mart Insurance Services, Inc., Defendants.**

Civ. No. 1–85–419.

United States District Court, E.D. Tennessee, S.D.

April 14, 1986.

David E. Nelson, Wagner, Nelson & Weeks, Chattanooga, Tenn., for plaintiffs.

Paul Campbell, III, Campbell & Campbell, Chattanooga, Tenn., for defendants.

## MEMORANDUM

EDGAR, District Judge.

Plaintiffs bring this action seeking damages for injuries they allegedly incurred due to defendants' breach of contract and tortious conduct. This Court's subject matter jurisdiction is asserted pursuant to 28 U.S.C. § 1332. This matter is presently before the Court for consideration of a motion for summary judgment filed by defendants K-Mart Insurance Services, Inc. and K-Mart Insurance Group in which they seek to dismiss this suit for lack of personal jurisdiction over them. The Court will consider defendants' motion as if it were filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## I. FACTS

Plaintiffs are residents of Hamilton County in the State of Tennessee. Defendant K-Mart Insurance Services, Inc. is a Texas general business corporation with its principal place of business in Dallas, Texas. The organizational status of defendant K-Mart Insurance Group is in dispute.

Prior to October 1983, plaintiffs were employed as insurance salespersons. Between October 24, 1983 and June, 1985, plaintiffs entered into contracts with defendant Lone Star Insurance Company ("Lone Star") in which they agreed to work as insurance agents for Lone Star. Plaintiffs contend that during and/or prior to 1983 all the named defendants entered into a joint enterprise for the purpose of marketing various kinds of insurance in booths or "insurance centers" in K-Mart stores on a national basis, including the State of Tennessee. Shortly after beginning work, plaintiffs encountered problems with defendant Lone Star. In their complaint plaintiffs allege that actions taken by defendant Lone Star were tortious in nature and resulted in a breach of the contract between the parties. On June 28, 1985, plaintiffs filed the instant action, naming Lone Star as well as K-Mart Insurance Group and K-Mart Insurance Services, Inc. as defendants.

Defendants K-Mart Insurance Group and K-Mart Insurance Services, Inc. claim that summary judgment should be granted in their favor because this Court does not have *in personam* jurisdiction over them. In support of their motion, these defendants submit the affidavit of Alicia M. Fechtel, the Vice-President, Secretary and General Counsel for Lone Star Insurance Company and K-Mart Insurance Services, Inc. In her affidavit, Ms. Fechtel disavows any business contact with the State of Tennessee on the part of K-Mart Insurance Services, Inc. or K-Mart Insurance Group. Further, the affidavit asserts that K-Mart Insurance Group is a service mark of K-Mart Corporation, the purpose of which is to promote name identification of the corporate entities who are defendants in the instant action and to create a market identification for the group of companies.

In response to defendants' motion, plaintiffs have submitted counter-affidavits in which they assert, *inter alia*, that they received payroll checks from K-Mart Insurance Services, Inc. and that they were obligated to pay various percentages of their commissions to K-Mart entities. Further factual allegations contained in the affidavits submitted will be considered below when necessary for the disposition of this motion.

## II. INTRODUCTION

■ In a diversity case, the jurisdictional reach of each United States district court is determined by the law of the state where

the court is located. *Pickens v. Hess*, 573 F.2d 380, 385 (6th Cir.1978). The state law involved in the instant case is the Tennessee long-arm statute, T.C.A. § 20–2–214. Since it was the intent of the Tennessee Legislature in enacting the state's long-arm statute to comprehend the full jurisdiction allowable under the Fourteenth Amendment, *Southern Machine Company v. Mohasco Industries, Inc.*, 401 F.2d 374, 377 (6th Cir.1968), the Court must determine whether the exercise of jurisdiction over the defendants will violate the Fourteenth Amendment to the Due Process Clause.

■ While there are many factors to be considered in determining whether a court's exercise of *in personam* jurisdiction over a party will withstand a due process attack, the constitutional benchmark is whether the defendant purposefully established "minimum contacts" in the forum state. *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In their consideration of whether the defendants have purposefully established minimum contacts with Tennessee, the federal courts have applied the tripartite test for determining the limits on personal jurisdiction articulated by the Sixth Circuit in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968). Recently, however, the Supreme Court of Tennessee has intimated that the test set forth in *Mohasco* is too restrictive because *Mohasco* was decided prior to the addition in 1972 of subsection (6) to T.C.A. § 20–2–214(a). *Masada Investment Corporation v. Allen*, 697 S.W.2d 332, 334 (Tenn.1985).

In *Masada* the court applied a five factor test to determine whether the requisite minimum contacts were present to allow the exercise of *in personam* jurisdiction over the defendant. The court stated in *Masada* that the addition of subsection (6) to the Tennessee long-arm statute "changed the long-arm statute from a 'single act' statute to a 'minimum contacts' statute which expanded the jurisdiction of the Tennessee courts the full limit allowed

by due process." It appears that both the *Mohasco* and *Masada* tests were developed to determine the constitutional limits of a state's exercise of personal jurisdiction. Though it appears that the *Mohasco* and *Masada* tests may be different methods of reaching the same result, the Court will apply both tests here.

## III. THE MOHASCO TEST

■ Prior to applying this test, the Court notes that the burden of establishing jurisdiction is on the plaintiff. *Weller v. Cromwell Oil Company*, 504 F.2d 927 (6th Cir.1974). This burden, however, is relatively slight and the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). Turning now to the *Mohasco* test, the plaintiffs must show that the following elements have been satisfied as to each defendant before the Court may exercise personal jurisdiction over them:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Mohasco*, 401 F.2d at 381. Applying this test to the facts of record, the Court concludes that defendants' motion to dismiss regarding K-Mart Insurance Services, Inc. must be DENIED and that the motion must be GRANTED as to K-Mart Insurance Group.

Regarding the Court's jurisdiction over defendant K-Mart Insurance Services, Inc., the Court notes that both plaintiffs have a received payroll check from that defendant. Because defendant K-Mart Insurance Services, Inc. paid persons employed in Tennessee, this defendant availed itself of the privilege of acting in Tennessee and caused

a consequence in the forum state. Thus, the first element of the test has been satisfied.

Regarding the second element of the *Mohasco* test, it is clear that plaintiffs' cause of action arose from defendant's activities in Tennessee since plaintiffs' dispute with the defendant relates to their employment relationship with the defendant. Plaintiffs have satisfied the second element of the test.

The final part of the test requires the Court to determine if the acts or consequences caused by defendants "have a substantial enough connection to the forum to make the exercise of jurisdiction over the defendant reasonable." Regarding this element of the test, the Sixth Circuit has stated:

> It is imperative that it be understood that the flexibility, and therein the virtue, of the *International Shoe* test is retained in the third condition and no mechanical consideration of the first two elements of the test can eliminate the need for an appraisal of the overall circumstances of each case if jurisdiction is to be found.

*In-Flight Devices v. Van Dusen Air*, 466 F.2d 220, 226 (6th Cir.1972). Thus, this portion of the test requires the Court to consider whether the exercise of long-arm jurisdiction would offend "traditional conception[s] of fair play and substantial justice" embodied in the Due Process Clause of the Fourteenth Amendment. *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). A primary factor in determining the reasonableness of the exercise of personal jurisdiction is whether a defendant can reasonably foresee being involved in litigation in the foreign jurisdiction. The "foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

In the instant case it appears that defendant K-Mart Insurance Services, Inc. paid plaintiffs for services rendered while plaintiffs were residents of the State of Tennessee. This being the case, defendant should have "reasonably anticipate[d] being haled into court there." Thus, the Court finds that all three elements of the *Mohasco* have been met with regard to defendant K-Mart Insurance Services, Inc.

In connection with defendant K-Mart Insurance Group, the Court concludes that plaintiffs have not established that this Court has jurisdiction over that defendant or that a genuine issue of material fact exists on the question. The affidavit submitted by Alicia M. Fechtel states that "K-Mart Insurance Group is a service mark of K-Mart Corporation, whose purpose is to promote name identification of the corporate entities who are the purported defendants herein (as well as others) and to create a market identification for the group of companies." Plaintiffs have submitted an organizational chart which shows that K-Mart Insurance Group may in fact be an organization with a traditional organizational hierarchy and not merely a service mark. However, the plaintiffs have not made any showing that K-Mart Insurance Group had any contact with Tennessee, availed itself of acting in Tennessee or caused a consequence here. After reading the pleadings and affidavits in a light most favorable to them, the Court concludes that plaintiffs have not satisfied any of the elements of the *Mohasco* test with respect to K-Mart Insurance Group. Therefore, under the *Mohasco* test, the Court cannot exercise personal jurisdiction over K-Mart Insurance Group.

## IV. THE MASADA TEST

In *Masada Investment Corporation v. Allen*, 697 S.W.2d 332 (Tenn.1985), the Supreme Court of Tennessee applied a five-factor test to determine whether personal jurisdiction could be exercised over the defendant in that case. Under the *Masada* test the three primary factors to be considered in determining whether the requi-

site minimum contacts are present are: (1) the quantity of the contacts; (2) their nature and quality; and (3) the source and connection of the cause of action with those contacts. *Masada*, 697 S.W.2d at 334. Two lesser factors to be considered are: (1) the interest of the forum state; and (2) the convenience of the parties. *Id.* Applying these factors to the facts of the instant case, the Court reaches the same result as it reached under the *Mohasco* test.

Looking first to the three primary factors of the *Masada* test in relation to the defendant K-Mart Insurance Services, Inc., the Court finds as follows. Regarding the quantity of the contacts, plaintiffs primarily allege that they received paychecks from this defendant. While plaintiffs appear only to allege to have received two payroll checks, the nature and quality of these contacts is important because they are directly related to plaintiffs' employment by the defendant and thus, connected to plaintiffs' cause of action. Regarding the interest of the forum state and convenience of the parties, the Court notes that the forum state always has an interest in seeing that its residents interests are protected and that K-Mart Insurance Services, Inc. would not be unduly discommoded by litigating in this Court. Thus, this Court may exercise personal jurisdiction over K-Mart Insurance Services, Inc.

The same is not true for K-Mart Insurance Group. As is stated above, the plaintiffs have not shown that K-Mart Insurance Group has had any contact with Tennessee whatsoever. Thus, the Court may not exercise personal jurisdiction over K-Mart Insurance Group under the *Masada* test.

## V. CONCLUSION

 For the reasons stated above, the motion to dismiss submitted by K-Mart Insurance Services, Inc. will be DENIED. K-Mart Insurance Group's motion to dismiss will be GRANTED. An appropriate order will enter.