WARREN HINKLEY, )
)
    Plaintiff/Appellant, )
) Dickson Circuit
) No. CV 368
VS. )
) Appeal No.
) 01-A-01-9504-CV-00174
TUMMEL & CARROLL, a )
Professional Partnership, HAROLD K. )
TUMMEL, Individually, KENNETH S. )
CARROLL, Individually, and RAY L. )
RHYMES, Individually, )
)
    Defendants/Appellees. )

FILED

Nov. 29, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT OF DICKSON COUNTY

AT CHARLOTTE, TENNESSEE


HONORABLE LEONARD MARTIN, JUDGE



L. ANTHONY DEAS
509 Lentz Drive
P.O. Box 608
Madison, Tennessee  37116-0608
ATTORNEY FOR PLAINTIFF/APPELLANT


James M. Doran, Jr.
Lela M. Hollabaugh
MANIER, HEROD, HOLLABAUGH & SMITH
First Union Tower, Suite 2200
150 Fourth Avenue, North
Nashville, Tennessee  37219-2494
ATTORNEYS FOR DEFENDANTS/APPELLEES


AFFIRMED AND REMANDED

                HENRY F. TODD
                PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

WARREN HINKLEY,                    )

                              )

      Plaintiff/Appellant,        )

                              )        Dickson Circuit

                              )        No.  CV 368

VS.                       )

                              )        Appeal No.

                              )        01-A-01-9504-CV-00174

TUMMEL & CARROLL, a       )

Professional Partnership, HAROLD K.  )

TUMMEL, Individually, KENNETH S.  )

CARROLL, Individually, and RAY L.  )

RHYMES, Individually,         )

                              )

      Defendants/Appellees.     )

O P I N I O N

Plaintiff, a resident of Texas sued defendants, residents of Texas, for legal malpractice by failing to timely file a claim against the State of Tennessee for damages allegedly incurred in Dickson County, Tennessee.  The Trial Court sustained defendants' motion to dismiss on grounds of lack of personal jurisdiction and improper venue.

Plaintiff's brief contains no "Statement of the Issues for Review," as required by T.R.A.P. Rule 27(a)(4).  However, the written argument addresses two issues, (1) jurisdiction of defendants and (2) venue.

The complaint states that plaintiff is a resident of Euless, Texas, and that the defendants have law offices in Dallas, Texas.  The uncontradicted affidavits supporting defendants' motion state that they are residents of Texas.  The complaint states that he retained defendants to "start an action against the State of Tennessee for negligence in the design and maintenance of . . . the ramp . . . where (he) was injured (in Dickson County, Tennessee)."  The "Agreement to Employ Counsel" exhibited to "Plaintiff's Response to Defendants' Motion to Dismiss" contains the following pertinent provisions:

> . . . The Client retains and employs the Attorney to
> investigate, evaluate, sue for and recover all damages and
> compensation to which the Client may be entitled on account

of, as well as to compromise and settle all claims arising out of, an incident which occurred on or about June 14, 1991. . . .

. . . .

This agreement shall be construed in accordance with the laws of the State of Texas, and all obligations of the parties are performable in Dallas County, Texas.

The brief of plaintiff states:

The Defendants did investigate the Plaintiff's claim as agreed. T.58-60. They made several telephone calls to the Department of Transportation prior to June 14, 1992. T.58. They did not, however, file a claim with the Department of Transportation until after the applicable one year period as required by Tenn. Code Anno. §29-20-305. P.2.

The affidavits of two of the defendants state:

. . . 1. My name is Harold K. Tummel and I have personal knowledge of the facts set forth in this Affidavit.

. . . .

3. The plaintiff, Warren Hinkley, retained the services of Tummel & Carroll, a Texas partnership, in Dallas County, Texas.

4. At all times relevant to this litigation, Kenneth Carroll and I were the only partners forming the partnership of Tummel & Carroll.

. . . .

6. I have not had any contact with the State of Tennessee. I do not have an office in Tennessee or conduct any business in Tennessee. I have never represented to anyone that I am licensed to practice law or authorized to practice law in Tennessee. Specifically in regard to this litigation, I did not file the claim with the Tennessee Department of Transportation or the Complaint with the Tennessee Claims Commission.

. . . .

. . . 1. My name is Kenneth S. Carroll and I have personal knowledge of the facts set forth in this Affidavit.

. . . .

4. At all times relevant to this litigation, Harold Tummel and I were the only partners forming the partnership of Tummel & Carroll.

-3-

5. I have not had any contact with the State of Tennessee. I do not have an office in Tennessee, and I do not conduct any business in Tennessee. Specifically in regard to this litigation, I did not file the claim with the Tennessee Department of Transportation or the Complaint with the Tennessee Claims Commission.

T.C.A. Section 20-2-214(a)(5) reads as follows:

**Jurisdiction of persons unavailable to personal service in state - Classes of actions to which applicable.** - (a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

- - -

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state; . . . .

Plaintiff asserts that, "The Plaintiff entered into a contract with the Defendants to provide legal services by pursuing his claim against the State of Tennessee . . . ." The written contract exhibited to the record does not refer to the State of Tennessee or any locality therein. The complaint states that the damages were sustained in Tennessee, but no evidence in the record sustains this assertion.

Plaintiff relies upon "Exhibit B" to plaintiff's memorandum in response to the motion to dismiss. The exhibit is not identified by any sworn document and may not be considered as evidence merely by being attached to a pleading. Even if admissible, Exhibit B contains only a record of a telephone call to "D.O.T." and the following:

Notice is hereby given that Warren Hinkley, Plaintiff above named, hereby appeals to the Court of Appeals, Middle Section at Nashville, from the final judgment entered in this action on the 3rd day of January, 1995.

At most, the three entries on Exhibit B reflect some activity in Texas in respect to some affair related to Tennessee, but do not contradict the quoted provision of the contract that it was to

be performed in Texas and the affidavits of defendants that they performed no services in Tennessee.

Even though the statute, quoted above, asserts jurisdiction over persons contracting to furnish services in Tennessee, the evidence shows that defendants contracted to render services only in Texas, and the uncontradicted evidence shows that services were rendered only in Texas. For this reason, the quoted statute is inapplicable to the facts of the present case.

General jurisdiction over a defendant is created by his sufficient purposeful, continuous and systematic contacts with the forum state. *Third National Bank v. Wedge Group, Inc.,* (6th Cir. 1989), 882 F.2d 1087. Such contacts are denied by the affidavits of defendants, without contradictory evidence from plaintiff. Therefore, general jurisdiction may not be imposed upon defendants.

Specific jurisdiction may be exercised in a particular case where the suit arises out of or is related to defendants' contacts with the forum state. *Third National Bank v. Wedge Group, Inc., supra.* Such contacts are shown by evidence that (1) the defendant purposefully exercised the privilege of acting or causing a consequence in the forum state <u>and</u> (2) the cause of action arises from such activity or consequences thereof in the forum state <u>and</u> (3) such acts or consequences are sufficiently connected with the forum state to render reasonable the exercise of jurisdiction over the defendant by the forum state. *Southern Machine Co. v. Mohasco Industries, Inc.* (6th Cir. 1968), 401 F.2d 374; *Masada Investment Corp. v. Allen,* Tenn. (1985), 697 S.W.2d 332; *Cummins v. K-Mart, Inc.* (E.D. Tenn.), 635 F. Supp. 122.

Specific jurisdiction must be based upon activities directed toward citizens of the forum state and injury resulting therefrom. *Davis Kidd Booksellers, Inc. v. Day Impex, Ltd.,* Tenn. App. 1992, 832 S.W.2d 572.

No Tennessee authority is found upon the specific question presented by this case. The only one out of state authority which has been found is *Yates v. Muir,* Ill. 1986, 492 N.E.2d 1267 wherein a resident of Illinois employed a Kentucky lawyer to assert a disability retirement under the Federal Civil Service Act. The claim was rejected by a Washington D.C. official. Federal regulations provided for an appeal to be filed within twenty (20) days with the appropriate office in Chicago, Illinois. The Kentucky lawyer failed to timely file the appeal in Chicago. The Illinois Supreme Court held that where all the legal services were performed in Kentucky, the failure to file the appeal in Illinois was not such a tortious act within the State of Illinois as would confer jurisdiction upon Illinois Courts under the Illinois long arm statute which conferred such jurisdiction where a non-resident transacted business or committed a tortious act within the State of Illinois.

In the present case, all of the evidence indicates that defendants' "activities" involved dealings in Texas with a resident of Texas about a claim or suit which is not identified as relating to Tennessee. If, however, there should be competent evidence to support the allegations of plaintiff's complaint or brief, and contradict the affidavits of defendant, this Court is of the opinion that a telephone call to Tennessee or a claim mailed or not mailed to Tennessee would not confer jurisdiction upon Tennessee Courts to adjudicate a dispute between non-residents arising out of a contract made in another state and providing for performance in that state.

The Trial Court correctly dismissed the suit for lack of personal jurisdiction of the defendants.

The foregoing renders unnecessary any consideration of the plaintiff's second issue.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

_____

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____

BEN H. CANTRELL, JUDGE


_____

WILLIAM C. KOCH, JR., JUDGE