(654 P.2d 482)

No. 53,342

Donna J. Guye, *Appellee,* v. Richard Lee Guye, *Appellant.*

Opinion filed December 2, 1982.

*David H. Neighbor,* of Prairie Village, for the appellant.

No appearance for the appellee.

Before Foth, C.J., Parks and Swinehart, JJ.

Parks, J.: This is a divorce action filed by the plaintiff Donna Guye. The defendant Richard Guye, a resident of Illinois, contested the jurisdiction of the court to decide child custody and property matters but was overruled by the court. The defendant appeals.

Plaintiff and defendant met in Ottawa, Kansas, and were married in Oklahoma on July 2, 1975. They returned to Ottawa where they lived for about 13 months. The Guyes then moved to Illinois where they lived for about 2 ½ years before their marriage began to collapse. They had one child while living in Illinois. When Richard filed for legal separation in Illinois, Donna moved back to Kansas. The parties worked out a separation agreement pertaining to all property, support and custody issues and a decree of legal separation incorporating this agreement was entered. The Illinois judgment gave Donna custody of the child subject to

specific visitation by Richard. Since it was understood that Donna would be living in Kansas, arrangements were agreed to by which the burden of transporting the child for the visits would be shared. This judgment was entered December 20, 1978.

On September 11, 1979, Donna filed this action for divorce against Richard in the District Court of Wyandotte County, Kansas. Her attorney issued a summons for personal service outside the State of Kansas which was served upon Richard's sister in Thompsonville, Illinois, on September 18, 1979. In her petition Donna sought a divorce, custody of the parties' child, Christopher, support and maintenance, attorney fees and "such other relief as the Court may deem proper." On October 18, 1979, Richard filed a motion to quash service and to dismiss the action.

The trial court denied Richard's motion and ruled that it had jurisdiction over the parties and all issues. The court granted a divorce and awarded custody of the child to Donna subject to structured visitation by the father. Child support was ordered in the amount of $150 per month, deviating from the Illinois decree which had only specified $100 a month. The personal property held by each party was awarded to that party to effect the same result as the Illinois decree of legal separation.

When one of the parties to a divorce is not a resident of Kansas and has not submitted to its jurisdiction, two statutory provisions govern the boundary of the court's jurisdiction. First, the long-arm statute (K.S.A. 60-308) governs the extent of personal jurisdiction over the out-of-state party to the marriage, while the Uniform Child Custody Jurisdiction Act (K.S.A. 38-1301 *et seq.*) determines the court's power to make custody orders for any children of the union. Defendant does not dispute the court's jurisdiction to grant a divorce and, in fact, publication notice would have sufficed for such an in rem matter. *Lillis v. Lillis,* 1 Kan. App. 2d 164, 165, 563 P.2d 492 (1977). However, defendant does contend that the court did not obtain personal jurisdiction to make orders regarding support, custody or property and should have quashed the service of process.

The court's exercise of jurisdiction over defendant was based upon K.S.A. 60-308(*b*)(8). This provision states that a person is deemed to have submitted to this state's jurisdiction for causes of action arising out of the following:

"(8) Living in the marital relationship within the state notwithstanding sub-

sequent departure from the state, as to all obligations arising for alimony, child support, or property settlement under article 16, *if the other party to the marital relationship continues to reside in the state;"* (Emphasis supplied.)

The emphasized language plainly requires continuous residence in the state by the remaining party. Although plaintiff and defendant once lived as husband and wife in this state, they left together and established a new marital residence in Illinois. Plaintiff did not *continue* to reside in this state but rather returned to Kansas after having left it for a new domicile. Based on the above statute, we conclude that the trial court did not have jurisdiction to consider issues of property division and child support.

The issue of child custody stands on a different footing since the power of the court to decide custody matters depends upon provisions of the Uniform Child Custody Jurisdiction Act. Under the Act, a court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if this state is the home state of the child at the time of commencement of the proceedings. K.S.A. 38-1303(*a*)(1)(A). Here the child and his mother resided in Kansas for more than six months immediately prior to the filing of the petition. Thus, Kansas is the home state of the child under K.S.A. 38-1302 and the court had jurisdiction to act.

However, defendant contends that the trial court did not properly invoke its jurisdiction because it did not (1) recognize and enforce the previous custody order of the Illinois court or (2) solicit transcripts or other records of the proceedings in Illinois which would reveal the reasons behind the previous order.

Under K.S.A. 38-1314 the court had the authority to modify the Illinois decree. Since defendant did not seek enforcement of the Illinois order prior to the hearing on the modification, the court was not bound to follow that order. In addition, there was no obligation upon the plaintiff to seek recognition or enforcement of the Illinois decree. Plaintiff's petition stated that a decree of legal separation had been entered in Illinois and custody granted to plaintiff subject to reasonable visitation by defendant. Every party initiating a custody proceeding in this state must include information in an affidavit or the first pleading revealing the outcome or existence of any other custody proceeding regarding the same child. K.S.A. 38-1309. Under the terms of 38-1309, the

plaintiff is not required to file a copy of that decree with the court although the party "shall give additional information under oath as required by the court." K.S.A. 38-1309(*b*).

Defendant also argues that the court should have declined to exercise jurisdiction because plaintiff violated the terms of the Illinois order. K.S.A. 38-1308 gives the court discretion to refuse to exercise jurisdiction if the child has been improperly removed from another jurisdiction or if the petitioner has violated any provision of an earlier decree. Plaintiff admitted that she violated the visitation requirements of the Illinois order because defendant threatened to abduct the child and never return him. However, the court found that plaintiff's denial of visitation contrary to the separation decree was not a just and proper circumstance for declining jurisdiction. We find no abuse of discretion in so ruling.

Finally, defendant contends that the trial court should have consulted with the Illinois court and records before making its decision. K.S.A. 38-1322 states that "the court of this state upon taking jurisdiction of the case shall request of the court of the other state a certified copy of the transcript of any court record and other documents." Because the decree simply incorporated the parties' agreement the trial court assumed that no such records existed or would be helpful in this case. Although it may have been better practice for the court to have requested the Illinois record, the court's failure to do so does not constitute error in this case.

Judgment is affirmed as to the decision concerning the granting of a divorce and child custody. Judgment relating to child support and property division is reversed.