(No. 61598.—

# JACK A. YATES, Appellee, v. DONALD S. MUIR, Appellant.

*Opinion filed March 19, 1986.—Rehearing denied June 2, 1986.*

Gordon R. Broom and Madelyn J. Lamb, of Burroughs, Simpson, Hepler, Broom & McCarthy, of Edwardsville, for appellant.

Greg L. Waugh, of Mateyka, Hill & Hill, P.C., of Edwardsville, for appellee.

JUSTICE WARD delivered the opinion of the court:

The question on this appeal is whether the defendant, Donald S. Muir, was subject to the jurisdiction of the circuit court of Madison County under provisions of the long-arm statute, section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—209). The circuit court of Madison County held that it had acquired jurisdiction and allowed the defendant an interlocutory appeal to the appellate court on that issue. The appellate court affirmed (130 Ill. App. 3d 604), and we granted the defendant's petition for leave to appeal under our Rule 315 (94 Ill. 2d R. 315).

The defendant, an attorney, is a resident of Kentucky and is licensed to practice only in that State. The plaintiff, Jack A. Yates, an Illinois resident, retained the defendant to represent him in asserting a disability retirement claim under the Civil Service Reform Act of 1978 (5 U.S.C. sec. 1101 *et seq.* (1982)). The prosecution

of the claim was not successful, and the plaintiff was notified by the Medical Director of the Office of Personnel Management (Medical Director) in Washington, D.C., of the claim's rejection. Regulations promulgated under the Act required that an appeal from the decision had to be filed within 20 days of the date of the decision, at the Chicago regional office of the Merit Systems Protection Board (Board). The appeal was not filed until January 1982, over nine months following the decision of the Medical Director, and on March 3, 1982, the Board dismissed the appeal as untimely.

The plaintiff's legal malpractice complaint against the defendant alleged that it was the defendant's duty to timely file the appeal to the Board, and that his failure to do so deprived the plaintiff of valuable retirement rights and income. The defendant, appearing specially, filed a motion to quash service of process for want of jurisdiction. The trial court denied the motion without explanation. Subsequently it denied the defendant's motion for reconsideration on the ground that the defendant "submitted to the jurisdiction of the court by transacting business within this State or committing a tortious act within this State." In allowing the interlocutory appeal under Rule 308 (87 Ill. 2d R. 308) the court identified the issues for decision as the rule requires. These were:

"1. Whether or not an attorney licensed to practice in Kentucky who files or fails to file an appearance in the administrative hearing of a Federal Civil Service question in Chicago for an Illinois resident is doing business [*sic*] within the State of Illinois to subject said attorney to the jurisdiction of the Courts of Illinois.

2. Whether or not an attorney licensed to practice in Kentucky but representing an Illinois resident who fails to file a notice of appeal with a federal agency in an administrative hearing, pursuant to [the] Civil Service Act, commits a tortious act within the State of Illinois."

(Through inadvertence the court, in identifying the first issue, stated "doing business" rather than "transacting business.") The appellate court affirmed the denial of the defendant's motion on the ground that the defendant committed a tortious act within Illinois. On the appeal to the appellate court (and on this appeal as well) the plaintiff admitted that the defendant did not "transact business" in the State within the meaning of section 2—209(a)(1) of the long-arm statute. Thus, the only issue is whether the defendant has committed a "tortious act" in Illinois under section 2—209(a)(2).

Section 2—209 provides, in part:

> "(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> > (1) The transaction of any business within this State;
> >
> > (2) The commission of a tortious act within this State; ***." Ill. Rev. Stat. 1981, ch. 110, par. 2—209.

The defendant contends that in the event there was any tortious act, it occurred in Kentucky, because the legal service was provided there and thus Kentucky was the location of any malpractice. The plaintiff argues that the tortious act occurred in Illinois because the appeal was required to be filed in Chicago, and thus the "last event" necessary for the commission of the tort occurred in this State.

The "tortious act" provision of the long-arm statute was considered in *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432. In *Gray*, the defendant manufactured valves outside of Illinois that were later incorporated into water heaters sold in Illi-

nois. The plaintiff was injured in Illinois when a water heater exploded because of an allegedly defective valve manufactured by the defendant. Although the defendant was never physically in Illinois, the court held that the tortious act occurred in Illinois on the ground that the place of a wrong is where the "last event" took place which was necessary to make the defendant liable. (22 Ill. 2d 432, 435.) The "last event" was the exploding of the water heater; without it, there would have been no injury to the plaintiff and no tortious act.

In *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, this court held that an Illinois court did not acquire jurisdiction under the "last event" doctrine simply because there were economic consequences in Illinois of the defendant's tortious conduct. Although there was no dispute in *Green* that the misconduct complained of occurred in Texas, the defendant claimed jurisdiction over a counterdefendant because the consequences of the injury took effect in Illinois, as the defendant had its headquarters here and there had been a drain upon corporate assets located in Illinois. This court held that such consequences were "too remote," and that if the defendant's claim were allowed, it could be extended to "anyone who sustains physical injuries anywhere *** if he resides [in Illinois] and maintains a bank account [in Illinois] which is diminished by payment of medical bills." 86 Ill. 2d 431, 439.

Here, the plaintiff retained services of an attorney who practiced in Kentucky. The matter on which the attorney represented the plaintiff was a Federal administrative claim which did not require the attorney to appear in any State court or Federal court in Illinois, or to have a license to practice here, or, for that matter, to be present in Illinois. The legal services performed by the defendant were performed exclusively in Kentucky; if there was any malpractice in rendering those services it

took place in Kentucky. The neglect, if any, of the attorney was his failure in Kentucky to arrange for the filing of the appeal. When the instruments for the appeal were tardily prepared they were drawn in Kentucky. Though this may seem as much a metaphysical point as a legal one, this tardy preparation, as well as the neglect that was the basis of the malpractice action, took place in Kentucky.

Having held that no tortious act occurred in Illinois, we need not consider whether the defendant's rights under the standards of the due process clause have been violated. We would, however, observe that the conclusion we reach in favor of the defendant is consistent with decisions under the due process clause that residents of one State who travel to another jurisdiction for medical treatment cannot prosecute a malpractice action in their State of residence for injuries arising out of that treatment. (See, *e.g., Veeninga v. Alt* (1982), 111 Ill. App. 3d 775; *Ballard v. Rawlins* (1981), 101 Ill. App. 3d 601; *Muffo v. Forsyth* (1976), 37 Ill. App. 3d 6; *Wright v. Yackley* (9th Cir. 1972), 459 F. 2d 287; *Gelineau v. New York University Hospital* (D.N.J. 1974), 375 F. Supp. 661; *Hogan v. Johnson* (1984), 39 Wash. App. 96, 692 P. 2d 198.) The court in *Gelineau* stated:

"When one seeks out services which are personal in nature, such as those rendered by attorneys, physicians, dentists, hospitals or accountants, and travels to the locality where he knows the services will actually be rendered, he must realize that the services are not directed to impact on any particular place, but are directed to the needy person himself. While it is true that the nature of such services is that if they are negligently done, their consequences will thereafter be felt wherever the client or patient may go, it would be fundamentally unfair to permit a suit in whatever distant jurisdiction the patient may carry the consequences of his treatment, or the client the consequences of the advice received.

\*\*\* It is clear that when a client or patient travels to receive professional services without having been solicited (which is prohibited by most professional codes of ethics), then the client, who originally traveled to seek services apparently not available at home, ought to expect that he will have to travel again if he thereafter complains that the services sought by him in the foreign jurisdiction were therein rendered improperly." *Gelineau v. New York University Hospital* (D.N.J. 1974), 375 F. Supp. 661, 667.

For the reasons given, the judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*