MOTT CORPORATION, Plaintiff-Appellee, v. GEORGE MONTANYA *et al.*, Defendants-Appellants (Henry M. Vicenik, Defendant).

First District (3rd Division)   No. 84—3093

———

Opinion filed March 19, 1986.

944

R. Dickey Hamilton and Catherine H. McMahon, both of Miller, Shakman, Nathan & Hamilton, of Chicago, for appellants.

John H. Anderson and Peter C. Woodford, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

The trial court denied the motion of defendants George Montanya and Montage Enterprises, Inc., to quash service of summons for lack of personal jurisdiction, and we granted defendant's petition for leave to appeal. Defendants contend on appeal that plaintiff, Mott Corporation, fails to set forth facts in its complaint showing that these defendants are amenable to jurisdiction in Illinois.

Plaintiff is an Illinois corporation which manufactures and sells mowing equipment and replacement parts. Defendant Montanya is a resident of New Jersey. Montage is a New Jersey corporation with its principal place of business in New Jersey. Defendant Henry M. Vicenik is a resident of Illinois and is not a party to this appeal.

The complaint contains five counts. Counts I and II are directed against Vicenik. Montanya is charged with unfair competition in count III and conversion in count IV. Count V charges all three defendants with conspiracy to compete unfairly. The only references to Illinois contained in the complaint are an allegation that plaintiff is an Illinois corporation; an allegation that Vicenik is a resident of Illinois and "is doing business within Cook County, Illinois, and elsewhere"; and an allegation that venue is proper in Cook County, Illinois.

Other relevant allegations in the complaint include statements that Montanya was employed by Mott's subsidiary in New Jersey, where he removed without authorization all blueprints for component parts of Mott's mowing equipment when he left its employ. Montanya made the blueprints available to Vicenik and Montage and Vi-

cenik uses the blueprints "in his own business." Defendants "have been offering for sale component parts for mowing equipment manufactured by Mott" and have been using the blueprints to obtain these parts. Defendants conspired to compete unfairly by using the blueprints to acquire component parts for plaintiff's mowing equipment to sell in competition with plaintiff. As a result, plaintiff "has been and will continue to be deprived of the profits and benefits which its confidential blueprints enable it to obtain."

Defendants filed a special appearance and a motion to quash service of summons. Montage's affidavit states that Montage has no office in and transacts no business in Illinois; that no Montage officer or agent has been in Illinois; that Montage distributes lawn mower blades and other parts which it purchases from HEVCO Industries, of which Vicenik is a partner. Montage has no other relationship with Illinois, and distributes these parts in States other than Illinois. Montage has committed no tort in Illinois. Montanya's affidavit states that he is a resident of New Jersey; that Lehara Equipment Company, Inc., employed him in New Jersey until he retired in December 1983, and that he understood that Lehara was a subsidiary of plaintiff as of October 1983. Montanya has not committed a tortious act in Illinois. The trial court denied defendants' motion to quash.

■ Plaintiff bears the burden of proof in establishing jurisdiction over defendants. (*Johnston v. United Presbyterian Church in the United States of America, Inc.* (1981), 103 Ill. App. 3d 869, 431 N.E.2d 1275.) The complaint must allege facts under the long-arm statute provision (Ill. Rev. Stat. 1983, ch. 110, par. 2—209) pertaining to the cause of action. *Nelson v. Miller* (1957), 11 Ill. 2d 378, 143 N.E.2d 673.

■ An Illinois court properly exercises personal jurisdiction over an out-of-State defendant if the defendant has certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559.) A mere allegation that plaintiff and one of the defendants are within Illinois will not confer jurisdiction on the nonresident defendants.

■ The complaint in the present case fails to allege facts regarding the nonresident defendants' activities within Illinois. Plaintiff failed to allege facts such as that the New Jersey defendants gave the blueprints to Vicenik in Illinois; or that Montanya or Montage met with Vicenik in Illinois to discuss the conspiracy; or that the

New Jersey defendants telephoned Vicenik in Illinois regarding the conspiracy; or that Vicenik used the blueprints in his activities in Illinois. Instead, plaintiff merely alleges that Montanya made the blueprints available to Vicenik without saying where that transaction occurred; and alleges that Vicenik uses the blueprints in his own business, without saying whether that involves the business Vicenik does in Illinois or "elsewhere." These allegations are insufficient to show that defendants invoked the benefit and protection of Illinois law or reasonably anticipated being called to defend themselves here because of their acts (if any) in Illinois.

■■ Plaintiff asks us to infer that Vicenik used the blueprints in Illinois, but we decline to make such an inference from these vague allegations and general conclusions. Plaintiff must allege that some definite act occurred in Illinois. See *Bobka v. Cook County Hospital* (1983), 117 Ill. App. 3d 359, 453 N.E.2d 828.

■■ Plaintiff also asks this court to hold that personal jurisdiction exists over the New Jersey defendants because plaintiff has its principal place of business in Illinois and thus will be financially injured in Illinois. We find that such a result would extend the reach of the Illinois long-arm statute to any person who commits a tort outside of Illinois as long as plaintiff had some financial interest in Illinois. Such a result would be constitutionally impermissible and manifestly unfair to persons in positions similar to defendants here. (See *Gelderman & Co. v. Dussault* (N.D. Ill. 1974), 384 F. Supp. 566.) The fact that plaintiff might feel the consequences of a nonresident's act, which took place outside of Illinois, in its Illinois pocketbook is insufficient to confer jurisdiction on that nonresident. (*Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 427 N.E.2d 1203.) We conclude that the trial court erred in denying the out-of-State defendants' motion to quash service of summons for lack of personal jurisdiction under the allegations of this complaint.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

RIZZI, P.J., and WHITE, J., concur.