STANLEY R. CARLSON, Petitioner-Appellant, v. ELIZABETH A. CARL-
SON, Respondent-Appellant.

Second District   No. 85—0995

Opinion filed September 24, 1986.—Rehearing denied October 30, 1986.

Richard J. Friedman, of Leoris & Cohen, of Highland Park, for appellant.

Law Offices of Paul P. Diambri, Ltd., of Highwood, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Stanley R. Carlson, appeals from the dismissal of his petition to enroll a foreign decree of divorce based on lack of personal jurisdiction over respondent, Elizabeth A. Carlson. The single issue on appeal is whether Illinois has personal jurisdiction over respondent to enroll the Virginia divorce decree and to modify its maintenance provision.

The parties were married September 5, 1953, in Missouri and were divorced April 21, 1983, in Warren County, Virginia. During their marriage, the parties lived in Rockford, Illinois, from 1967 to 1972. Following the divorce, respondent moved to Dickson, Tennessee, where she currently resides. Petitioner moved to Illinois and resides in Lake County.

Petitioner filed a petition to enroll a foreign decree of divorce on May 7, 1985, stating that the youngest child of the parties reached majority on May 5, 1984, and seeking termination of further alimony or maintenance payments to respondent. Respondent was served with summons at Dickson, Tennessee. She filed a special and limited appearance on June 19, 1985, along with a motion to dismiss the petition based on lack of personal jurisdiction. The motion was granted September 19, 1985, in an order stating that the court found sufficient minimum contacts between respondent and the State of Illinois lacking. The court denied petitioner's motion for reconsideration on November 20, 1985, and this appeal followed.

■ Petitioner initially contends that respondent's receipt of maintenance payments from Illinois, together with the fact that the parties once lived in Illinois, are sufficient contacts with Illinois to satisfy the requirements of due process. Respondent correctly points out, however, that the question of whether due process requirements are met is not reached unless jurisdiction is conferred under the language of the Illinois long-arm statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—209). When jurisdiction is alleged under the long-arm statute, the first step is to determine if jurisdiction is proper under that statute. Only if jurisdiction is proper under the statute is the second step, determining if jurisdiction is proper under the due process clause, reached. *R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 311, 489 N.E.2d 1360.

Section 2—209 of the Code of Civil Procedure provides in pertinent part:

> "Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> (1) The transaction of any business within this State;
>
> (2) The commission of a tortious act within this State;
>
> * * *
>
> (5) With respect to actions of dissolution of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action.
>
> * * *
>
> (c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section." Ill. Rev. Stat. 1985, ch. 110, par. 2—209.

Petitioner first argues that jurisdiction is conferred over respondent under the language of the statute because respondent can be considered to be transacting business within the State. He asserts that the agreement between the parties, incorporated into the divorce decree, constitutes a transaction of business for jurisdictional purposes. He further maintains that the agreement contains an implied covenant that petitioner would work to earn sufficient income to pay the maintenance agreed upon so that there is implied consent from respondent for petitioner to work anywhere he can earn the most income. He also claims that respondent has a financial interest in petitioner's earnings in Illinois, stating that the relationship between the parties is now purely a business one with petitioner working for respondent's benefit.

■ ■ Respondent's alleged conduct in no way amounts to a transaction of business within the meaning of the long-arm statute. Initially, we note that where a defendant, or as here a respondent, contests personal jurisdiction, the party asserting it has the burden of demonstrating a *prima facie* case that jurisdiction exists under the long-arm statute. (*People v. Parsons Co.* (1984), 122 Ill. App. 3d 590, 596, 461 N.E.2d 658.) To sustain the exercise of long-arm jurisdiction, petitioner is required to show (1) that respondent transacted business in Illinois, (2) that his cause of action arose from this transaction of business and

(3) that personal jurisdiction is consistent with due process. (*Mandalay Associates Ltd. Partnership v. Hoffman* (1986), 141 Ill. App. 3d 891, 894, 491 N.E.2d 39.) Petitioner's vague assertions that a business relationship exists between himself and respondent does not meet this burden. "Transaction of business" within the meaning of the statute means business in the commercial aspect, and jurisdiction here cannot be based on such a strained and uncommon meaning of these words. (See *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 454, 216 N.E.2d 137.) Section 2—209(a)(1) requires that petitioner's claim be one which lies in the wake of commercial activities by which respondent submitted to the jurisdiction of Illinois courts. *Financial Management Services, Inc. v. Sibilsky & Sibilsky, Inc.* (1985), 130 Ill. App. 3d 826, 833, 474 N.E.2d 1297; *Loggans v. Jewish Community Center* (1983), 113 Ill. App. 3d 549, 557, 447 N.E.2d 919.

Further, petitioner must allege that some definite act by respondent occurred in Illinois. (See *Mott Corp. v. Montanya* (1986), 141 Ill. App. 3d 943, 946, 491 N.E.2d 98.) A defendant transacts business in Illinois when substantial performance of his or her contractual duties is to be rendered in Illinois or when a defendant invokes the benefits and protections of Illinois law in the contractual relationship. *First National Bank v. Boelcskevy* (1984), 126 Ill. App. 3d 271, 274, 466 N.E.2d 1182.

Petitioner has failed to show either a transaction of business or any acts of respondent within Illinois. Respondent is receiving maintenance payments from petitioner pursuant to an agreement entered into in Virginia. Respondent now lives in Tennessee and has no contact with Illinois. The fact that petitioner has chosen to live and work in Illinois so that his payments to respondent are presumably sent from this State does not constitute the transaction of business in Illinois by respondent.

Although not addressed by the parties, we note that the long-arm statute subjects an individual to the jurisdiction of the courts of this State as to any cause of action "arising from" the transaction of that business. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209; *McKnelly v. Whiteco Hospitality Corp.* (1985), 131 Ill. App. 3d 338, 342, 475 N.E.2d 992.) Here, the cause of action was for a modification of the maintenance provision of the parties' agreement incorporated into the divorce decree. Whether maintenance should be modified depends upon the economic circumstances and employment of the parties which are in no way related to the acts of respondent in entering into the Virginia divorce decree and in accepting maintenance payments from Illinois and, accordingly, do not "arise from" such transactions even if

arguably assumed to be business transactions.

█ Petitioner next argues that respondent's conduct in accepting maintenance from him while concealing that she is working or is not working because she is unwilling to do so is a breach of an implied good-faith provision in their contract. He contends that this amounts to the commission of a tortious act within the State, thus conferring jurisdiction under section 2—209(a)(2). There is no merit to this contention or any case authority to support this argument. It is true that cases have held that every contract contains an implied covenant of good faith and fair dealing (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 286, 154 N.E.2d 683; *Fineman v. Citicorp* (1985), 137 Ill. App. 3d 1035, 1043, 485 N.E.2d 591), typically in the context of imposing a limitation on the exercise of discretion vested in one of the parties to a contract (see *Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 990-91, 466 N.E.2d 958; *Foster Enterprises, Inc. v. Germania Federal Savings & Loan Association* (1981), 97 Ill. App. 3d 22, 30, 421 N.E.2d 1375). Assuming a breach of this covenant has occurred, such a breach of contract has not been considered tortious. (See *Carrico v. Delp* (1986), 141 Ill. App. 3d 684, 690-91, 490 N.E.2d 972.) Under these facts, there has been no tortious act committed by respondent.

Moreover, assuming for the sake of argument that respondent's actions could be considered tortious, jurisdiction would not be proper under the tortious-act section of the long-arm statute, as an economic loss which is felt in Illinois is not sufficient to confer jurisdiction in our courts when the acts occurred outside of Illinois. *R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 312, 489 N.E.2d 1360; *Green v. Advance Ross Electronics Corp.* (1981), 86 Ill. 2d 431, 438-39, 427 N.E.2d 1203; *Mott Corp. v. Montanya* (1986), 141 Ill. App. 3d 943, 946, 491 N.E.2d 98.

Having concluded that no business was transacted by respondent in Illinois under these facts and that no tortious act occurred in Illinois, we need not consider petitioner's arguments that respondent's rights under the standards of the due process clause would not be violated by requiring respondent to litigate this action in Illinois. *Yates v. Muir* (1986), 112 Ill. 2d 205, 210, 492 N.E.2d 1267.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.