**Cletie MILON, Plaintiff,**

v.

**K & K SUPPLY COMPANY; Owens-Corning Fiberglass Corporation; Sutherland Lumber Company, and Blackwell Burner Company, Defendants.**

**Cause No. 87–3155.**

United States District Court, S.D. Illinois.

July 24, 1987.

**1214**

Daniel K. Juncker, Ducey, Feder, Ducey, Ltd., Belleville, Ill., for plaintiff.

Michael Burnworth, Churchill & McDonnell, Belleville, Ill., for defendant, K & K Supply Co.

Jim Mendillo, Freeark, Harvey, Mendillo & Dennis, Belleville, Ill., for defendant, Owens-Corning Fiberglass Corp.

Eric C. Young, Dunham, Doman & Leskera, East St. Louis, Ill., for defendant, Sutherland Lumber Co.

Mark D. Bauman, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Belleville, Ill., for defendant, Blackwell Burner Co.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

This matter is before the Court on defendant, K & K Supply Company's, Motion to Dismiss for lack of jurisdiction.

Plaintiff originally brought his action in the Circuit Court of St. Clair County, Illinois seeking recovery for injuries he sustained when roofing tar in a tar machine rented from K & K Supply Company caught fire. Plaintiff alleges in Count I, paragraph 3 that K & K Supply Company placed the tar machine in the stream of commerce, and in paragraph 4 that the tar machine was defective and dangerous because it failed to contain any warning that the tar inside the machine was flammable, nor did the machine have an automatic shut-off valve to keep the tar from overheating.

Defendant, K & K Supply Company, asks this Court to dismiss Count I for lack of personal jurisdiction, because, defendant asserts, defendant is a Missouri corporation; defendant is not licensed to do business in Illinois; defendant does not have an office, staff or any employees in Illinois; defendant was served with summons in Missouri; and defendant does not advertise in Illinois. Defendant contends that it "does not systematically or continually do business in the State of Illinois such as [sic] to invoke the jurisdiction of this Court." In support of its motion, defendant filed the affidavit of Kirk Fisher, President of K & K Supply Co., Inc.

In his very brief Response to Motion to Dismiss, plaintiff asserts that "the law is clear that where the tortious act occurred within the jurisdiction of the Court, then personal jurisdiction exists over a non-resident Defendant." In the accompanying minimal one-sentence Memorandum of

Law, plaintiff *refers* to the case of *Gray v. American Radiator*, without any citation.

A federal court has jurisdiction over a diversity suit only if a court in the forum state would have jurisdiction over the parties. *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569 (7th Cir.1986). The Illinois long-arm statute provides in part:

(a) any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person ... to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The Commission of a tortious act within the State ...

Ill.Rev.Stat. ch. 110 ¶ 2–209(a).

If the requirements of § 2–209 are met, the constitutional requirements of due process must also be met to invoke long-arm jurisdiction. *Gordon v. Tow*, 148 Ill.App.3d 275, 101 Ill.Dec. 394, 397, 498 N.E.2d 718, 721 (1986). However, the Illinois Supreme Court has stressed that the standard required by the Illinois long-arm statute is not to be equated with the test under the due process clause, *Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 57 Ill.Dec. 730, 733, 429 N.E.2d 847, 850 (1981); *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981), which "requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *accord, World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). Such minimum contacts must evidence that "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

"[T]his due process standard represents only the outer limits beyond which a state may not go to acquire jurisdiction over nonresidents. A State is free to set its own limits in acquiring this jurisdiction within the parameters allowed by the due process clause." *Cook Associates*, 57 Ill.Dec. at 733, 429 N.E.2d at 850. Therefore, unless jurisdiction rests within the long-arm statute, "there is no need to determine whether jurisdiction is constitutionally permissible." *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill.2d 304, 95 Ill.Dec. 496, 500, 489 N.E.2d 1360, 1364 (1986). Therefore, this Court must first determine whether defendant's acts, as alleged, fall within the meaning of the Illinois long-arm statute. *People v. Parsons Co.*, 122 Ill.App.3d 590, 78 Ill.Dec. 74, 461 N.E.2d 658 (1984).

Subsection (a)(1) of 2–209 provides for jurisdiction over any party who transacts business within Illinois. The Illinois courts have long recognized that "[t]here is no all-inclusive test for determining whether a foreign corporation is doing business in this State." *Cook*, 57 Ill.Dec. at 735, 429 N.E.2d at 852; *Maunder v. DeHavilland Aircraft of Canada*, 102 Ill.2d 342, 80 Ill. Dec. 765, 769, 466 N.E.2d 217, 221, *cert. denied* 469 U.S. 1036, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984). Justice Cardozo defined "doing business" for jurisdictional purposes when the corporation operates within the State "not occasionally or casually, but with a fair measure of performance and continuity." *Id, quoting Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 115 N.E. 915, 917 (1917) (Cardozo, J.). *Moreover,* the court in *Cook* required that a corporation's activities be "of such a character and extent to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served and in which it is bound to appear when a proper agent has been served with process." *Cook*, 57 Ill.Dec. at 733, 429 N.E.2d at 852.

■ Under the facts of this case, the defendant K & K Supply Company did not

have a "pattern of continuous and systematic business activities" sufficient to qualify it as "doing business" within the State of Illinois. *Maunder,* 80 Ill.Dec. at 769, 466 N.E.2d at 221. There are not sufficient allegations to warrant the finding that K & K Supply Company was subject to service under § 2–209(a)(1).

■ However, the Court's inquiry cannot stop with that determination. Under the facts, as alleged, plaintiff's claim may more properly rest within the provisions of § 2–209(a)(2): "The Commission of a tortious act within the State." Plaintiff alleges that defendant placed the tar machine in the stream of commerce when it rented the machine to an Illinois resident. Defendant counters that the plaintiff came to Missouri to rent the machine. However, it is undisputed that the plaintiff *sustained injury* while using the machine in the State of Illinois.

To succeed in his assertion of jurisdiction under § 2–209(a)(2) defendant must allege "(1) that defendant ... committed a tortious act within Illinois; (2) that the cause of action arose from the acts enumerated; and (3) that personal jurisdiction was consistent with due process." *Wiles v. Morita Iron Works Co., Ltd.,* 152 Ill.App.3d 782, 105 Ill.Dec. 657, 659, 504 N.E.2d 942, 944 (1987) *citing Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981). Further, "Plaintiff has the burden of proving a valid basis for the assertion of jurisdiction over the defendant. In order to meet this burden, it is only necessary that there be a *prima facie* showing that jurisdiction exists." *Wiles,* 105 Ill.Dec. at 660, 504 N.E.2d at 945. The standard for such determination in Illinois is that all undenied well-pleaded allegations are taken as true and all factual disputes are resolved in plaintiff's favor. *Id.*

In *Gray v. American Radiator & Standard Sanitary Corp.,* 22 Ill.2d 432, 176 N.E.2d 761, 763 (1961) the Supreme Court of Illinois held that the "tortious act" took place in Illinois because the place of a wrong is where the "last event" occurred which was necessary to establish the defendant's liability. In *Gray,* the plaintiff

was injured in Illinois when a defective hot water heater valve malfunctioned. The valve was manufactured outside the State of Illinois. However, the court found that the "last event" occurred when the water heater exploded, without which there would have been no injury to plaintiff and no tortious act by defendant. *Id.; Yates v. Muir,* 112 Ill.2d 205, 97 Ill.Dec. 394, 395, 492 N.E.2d 1267, 1268 (1986).

Therefore, the Illinois Supreme Court has recognized that "the alleged negligence in manufacturing a product could not be separated from the resulting injury. 'To be tortious an act must cause injury. The concept of injury is an inseparable part of the phrase.'" *Wiles,* 105 Ill.Dec. at 662, 504 N.E.2d at 947, *quoting Gray v. American,* 176 N.E.2d at 763.

Clearly plaintiff has alleged that an injury has occurred within the State of Illinois. However, whether defendant, K & K Supply Company's, *rental* of the tar machine satisfies the "commission of a tortious act" standard requires further analysis.

Illinois courts have recognized that a manufacturer whose product has been distributed to a state by a third party is nonetheless subject to *in personam* jurisdiction in a products liability case. The standard stated in *Gray* is: "To the extent that [the manufacturer's] business may be directly affected by transactions occurring here it enjoys benefits from the laws of this State, and it has undoubtedly benefited, to a degree, from the protection which our law has given...." 176 N.E.2d at 766. Thus, the distributor of a product into Illinois, which causes a tort in Illinois, should be amenable to long-arm jurisdiction, whether the distribution be permanent, as in the sale of a product, or temporary, as in the rental of that product. The court in *Liberty Mutual Insurance Co. v. Williams Machine & Tool Co.,* 162 Ill.2d 77, 338 N.E.2d 857, 860 (1975) stated the rationale of long-arm jurisdiction in products cases. "The major purpose of strict liability is to place the loss created by defective products on those who create the risk and reap the profit by placing a defective product in the stream of commerce,

regardless of whether the defect resulted from the 'negligence' of the manufacturer."

Although defendant K & K Supply Company did not manufacture the tar machine, it did, in fact, place it in the stream of commerce when it rented the machine to an Illinois plaintiff to be used in Illinois. This then is, indeed, the "tortious act" which K & K Supply Company committed. Clearly the defendant created a risk that an injury, or tort, could occur in Illinois when it knew that the machine was rented by an Illinois resident to be used in Illinois. Moreover, defendant also reaped the benefit of rental fees when the machine was rented to plaintiff. Therefore, plaintiff has established long-arm jurisdiction within Illinois over defendant K & K Supply Company pursuant to Ill.Rev.Stat. ch. 110 ¶ 2-209(a)(2).

Although it is true that plaintiff sought out defendant to rent the machine in Missouri, this is not a case of the plaintiff seeking out personal services such as those provided by attorneys, doctors, accountants, hospitals and the like. Their professional services are "directed to the needy person himself." *Yates*, 97 Ill.Dec. at 396, 492 N.E.2d at 1269 *quoting Gelineau v. New York University Hospital*, 375 F.Supp. 661, 667 (D.C.N.J.1974). In the case at bar, the service K & K Supply Company rendered was the rental of a machine to be *used* in Illinois, and its use could reasonably be expected to *impact* in Illinois. *Yates*, 97 Ill.Dec. at 396, 492 N.E.2d at 1269.

▮ Having determined that plaintiff has sufficiently alleged that the defendant committed a tortious act in Illinois, the Court must now address the question of whether the defendant's rights under the standards of the due process clause will be violated if jurisdiction is imposed.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over the defendant in the State if the defendant has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' *Milliken v. Mey-er*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, *quoted in Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984). The Supreme Court has required a certain measure of foreseeability in product cases. "[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1986).

This Court finds that this exercise of jurisdiction over the defendant will not violate his rights under the Fourteenth Amendment. Plaintiff has alleged that defendant has the requisite "minimum contacts" with Illinois to satisfy the requirements of the due process clause. Defendant's conduct in renting a machine to be used in Illinois is such that it should reasonably anticipate being "haled into court" in Illinois to defend an action that arose from an injury which occurred in Illinois. *Id.* Thus, the alleged relationship between "the defendant, the forum, and the litigation" is such that the due process requirements are met. *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579–80, 53 L.Ed.2d 683 (1977).

Accordingly, defendant K & K Supply Company's Motion to Dismiss for lack of jurisdiction is DENIED.

IT IS SO ORDERED.