*In re* MARRIAGE OF CAROL LOUISE WEISHAUPT, f/k/a Carol Louise Hutchens, Plaintiff-Appellee, and DANIEL L. HUTCHENS, Defendant-Appellant.

Fourth District   No. 4—87—0069

Opinion filed September 17, 1987.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, of Alton, for appellant.

No brief filed for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On February 17, 1978, plaintiff, Carol Louise Hutchens, and defendant, Daniel L. Hutchens, were granted a judgment of dissolution of marriage by the circuit court of Calhoun County. On July 7, 1986, plaintiff filed a petition for child support. Defendant thereafter filed a special limited appearance challenging the jurisdiction of the Illinois court, and moved to quash service of process, which had been effectuated in Shelby County, Tennessee. The circuit court denied defendant's motion to quash, but certified the issue for interlocutory appeal pursuant to Supreme Court Rule 308. 107 Ill. 2d R. 308.

Upon review, we must determine whether the court has the requisite *in personam* jurisdiction to impose monetary obligations upon the defendant. Jurisdiction is allowed to exist pursuant to the Illinois long-arm statute, specifically section 2—209(a)(5). (Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a)(5).) We reverse and remand.

Initially, we note that the plaintiff has not filed a brief on appeal. Consequently, we will address the issue presented under the standards established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The judgment of dissolution was entered in the circuit court of Calhoun County, Illinois, in 1977. Jurisdiction was based on plaintiff's presence in the State for more than 90 days preceding the filing of a dissolution proceeding (Ill. Rev. Stat. 1985, ch. 40, par. 401(a)). The defendant was served by publication and did not appear. The petition alleged that defendant was guilty of extreme and repeated physical

and mental cruelty. The judgment order granted custody of the minor child of the parties to plaintiff. In granting the petition, the court retained "jurisdiction of the cause for the purpose of enforcing all the various provisions of this judgment for dissolution of marriage."

On July 7, 1986, plaintiff filed a petition for child support in the circuit court of Calhoun County, Illinois, and served defendant, a member of the United States Navy, at his duty station in Memphis, Tennessee. Jurisdiction was alleged to be perfected pursuant to 2—209(a)(5) of the long-arm statute. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a)(5).) The defendant objected to the jurisdiction of the court alleging that because he was a nonresident at the time the original judgment of dissolution was entered, and has had no minimum contacts with the State of Illinois since the judgment was entered, the court lacks *in personam* jurisdiction.

On January 29, 1987, the circuit court denied the defendant's special and limited appearance to contest the jurisdiction of the court, but certified the question of law involved for interlocutory appeal.

█ █ The execution of a judgment ordering payment of child support requires *in personam* jurisdiction. (*In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 343, 458 N.E.2d 559, 562, citing *Kulko v. Superior Court* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690.) Prior to the imposition of a monetary obligation, due process requires that a nonresident defendant have certain minimum contacts with the forum State so as not to offend the traditional notions of fair play and substantial justice. *People ex rel. Mangold v. Flieger* (1985), 106 Ill. 2d 546, 550, 478 N.E.2d 1366, 1367, citing *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, and *Kulko v. California* (1978), 436 U.S. 84, 92, 56 L. Ed. 2d 132, 141, 98 S. Ct. 1690, 1696-97.

█ The purpose of the "long arm" statute is to provide a means for asserting personal jurisdiction over a nonresident defendant within the fullest extent permissible under Federal due process requirements. (*Johnston v. United Presbyterian Church* (1981), 103 Ill. App. 3d 869, 431 N.E.2d 1275.) In 1965, the Illinois legislature amended the long-arm statute, extending jurisdiction into the field of domestic relations. (Ill. Rev. Stat. 1965, ch. 110, par. 17(e).) The provision allowed for two separate categories of action by a nonresident defendant which would constitute submission to personal jurisdiction: the maintenance of a matrimonial domicile in Illinois when the cause of action arose, and the commission of any act in Illinois which gives rise to the cause of action. Ill. Rev. Stat. 1981, ch. 110, par. 2—209(a)(5).

This provision was patterned after a similar Kansas statute, Illinois being the second State to pass such a law. (See Friedman, *Extension of the Illinois Long Arm Statute: Divorce and Separate Maintenance*, 16 De Paul L. Rev. 45 (1966).) The legislative intent in adopting the provision was to provide a means for overcoming hardships arising in family separation situations, specifically the mobility of modern society which allows a spouse to abandon his home, family, and financial responsibility. See Henry, *Domestic Relations: The Role of Long Arm Statutes*, 10 Washburn L.J. 487 (1970).

■■■ The assertion of jurisdiction under a long-arm statute involves both the construction of the statute and its constitutional validity. (See Annot., *Long-Arm Statutes: Obtaining Jurisdiction over Nonresident Parent in Filiation or Support Proceedings*, 76 A.L.R.3d 708 (1977).) When jurisdiction is alleged under the long-arm statute, it must initially be determined that jurisdiction is proper under the statute. (*Carlson v. Carlson* (1986), 147 Ill. App. 3d 610, 498 N.E.2d 708.) Once the statutory requirements are fulfilled, it then becomes necessary to determine if jurisdiction is proper under the "minimum contacts" Federal due process requirements. (*Carlson v. Carlson* (1986), 147 Ill. App. 3d 610, 498 N.E.2d 708; see also *In re Marriage of Brown* (1987), 154 Ill. App. 3d 179, 506 N.E.2d 727 (petitioner's assertion of jurisdiction per section 2—209(a)(5) deemed insufficient under due process minimum contacts analysis).) Where a party contests personal jurisdiction, the party asserting it has the burden of demonstrating a *prima facie* case that jurisdiction exists under the long-arm statute. *Carlson v. Carlson* (1986), 147 Ill. App. 3d 610, 498 N.E.2d 708.

The determination of whether the statutory mandates of long-arm jurisdiction have been fulfilled is a question of fact for the trial court to determine. There should be a preliminary inquiry with respect to the alleged jurisdictional facts prior to a hearing on the merits of the cause of action. (See Ill. Ann. Stat., ch. 110, par. 2—209, Joint Committee Comments, at 213 (Smith-Hurd 1985) (hearing on facts required where plaintiff alleges jurisdiction based upon commission of tortious act).) There is no record of any such determination in the case at hand.

As previously noted, section 2—209(a)(5) provides for jurisdiction over a nonresident defendant in dissolution causes of action if the matrimonial domicile was maintained in Illinois at the time the cause of action arose or any act giving rise to the cause of action occurred in Illinois. Ill. Rev. Stat. 1985, ch. 110, par. 2—209(a)(5).

■■ Since the scope of this provision has not yet been judicially

defined, it is initially necessary to determine its applicability. Specifically, we must decide whether personal jurisdiction over a nonresident defendant may be perfected pursuant to section 2—209(a)(5) in a proceeding for child support initiated some nine years after the judgment of dissolution was entered.

Similar statutes from other States have been construed to provide for *in personam* jurisdiction not only for dissolution causes of action, but also for those matters ancillary thereto, such as child support and maintenance. (See *Guye v. Guye* (1982), 8 Kan. App. 2d 219, 654 P.2d 482; *Baker v. Baker* (1979), 100 Idaho 635, 603 P.2d 590; see also Idaho Code sec. 5—514(c) (1979); Kan. Stat. Ann. sec. 60—308(b)(8) (1983).) The Idaho provision which incorporates language similar to that of Illinois has been deemed to encompass "all facets of the divorce cause of action." (*Baker v. Baker* (1979), 100 Idaho 635, 637, 603 P.2d 590, 592.) Thus, the Illinois long-arm provision providing for jurisdiction in domestic matters must be logically extended to those proceedings incident to the dissolution.

This application is further supported where the trial court enters a judgment of dissolution and reserves jurisdiction over future issues of custody, support, and maintenance. In such cases, if potential long-arm jurisdiction originally exists, that jurisdiction would extend to any subsequent proceedings. Under this analysis, plaintiff's assertion of personal jurisdiction under section 2—209(a)(5) might exist had it originally existed at the time the judgment of dissolution was entered. The plaintiff, however, did not originally assert personal jurisdiction pursuant to section 2—209(a)(5). As a result, the trial court did not rule on the applicability of section 2—209(a)(5). It is unclear from the record whether the plaintiff would have satisfied the long-arm prerequisites. Consequently, we remand the matter to the trial court for the limited purpose of determining whether section 2—209(a)(5) jurisdiction existed at the time the judgment of dissolution was entered.

Based on the foregoing, we reverse and remand to the trial court for the limited purpose of determining whether jurisdiction existed pursuant to section 2—209(a)(5).

Reversed and remanded.

LUND and KNECHT, JJ., concur.