Joseph VIOSKI, Plaintiff–Appellant,

v.

CALAVERAS ASBESTOS, LTD.,
Defendant–Appellee.

No. 90–1609.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 27, 1991.

Decided April 9, 1991.

William R. Fahey, John C. Bulger, James R. Hopkinson, Kathy Byrne, Robert J. Cooney, Cooney & Conway, Chicago, Ill., for plaintiff-appellant.

D. Kendall Griffith, Nancy G. Lischer, David Creagh, Terrence K. McGrath, Hinshaw & Culbertson, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Calaveras County, California, is celebrated for asbestos as well as jumping frogs. Some found its way to Illinois, where it may have contributed to Joseph Vioski's asbestosis. Vioski worked for Johns–Manville Sales Corp. in Waukegan. Barred by the exclusivity of workers' compensation from suing Manville, Vioski filed this suit against its suppliers, contending that they must issue warnings directly to the employees of firms dealing in asbestos. Some cases have held Manville liable for not warning the employees of its customers; Vioski wants to push this warning obligation farther up the chain of supply. Vioski sued the suppliers under the diversity jurisdiction, hoping that they would pony up and fight among themselves over shares.

Calaveras Asbestos, Ltd., has been excused. The district judge concluded that Calaveras could not be reached under Illinois' long-arm statute. The court entered judgment under Fed.R.Civ.P. 54(b)—properly, for it had brought the case to a close with respect to Calaveras. At our request, Calaveras supplied a list of its general and limited partners, enabling us to determine that diversity of citizenship is present.[†]

† Vioski's assertion that "all of [Calaveras's] partners [are] citizens of California" turns out to be misleading, as is Calaveras's statement that "[a]ll of the partners are citizens of California".

We suspected that the parties had overlooked the citizenship of limited partners, see *Carden v. Arkoma Associates,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), and called for supple-

Subject matter jurisdiction is as far as Vioski gets, for we agree with the district judge that Calaveras is not within the court's personal jurisdiction.

 Illinois' long-arm statute, which governs through Fed.R.Civ.P. 4(e), authorizes courts to adjudicate claims against persons who committed tortious acts in Illinois. Ill.Rev.Stat. ch. 110 ¶ 2–209(a)(2). Calaveras contends, without contradiction from Vioski, that it never delivered an ounce of asbestos to Manville in Illinois, or for use in Illinois. It sold 342 tons of asbestos to Manville in California, expecting the fibers to be used there. Manville closed its California facility and shipped the asbestos to Illinois without notice to Calaveras. If Vioski received injury from these fibers, the wrong did not reflect any act Calaveras committed in Illinois, or even any omission to provide for warnings there. *Yates v. Muir*, 112 Ill.2d 205, 97 Ill.Dec. 394, 492 N.E.2d 1267 (1986), holds that the "tort" branch of the long-arm statute does not apply to persons all of whose acts occur out of state. Jurisdiction under ¶ 2–209(a)(2) depends on the "commission of a tortious act within the state"; *Yates* held that the focus on an "act within the state" means that there will be at least some "Illinois torts" (in the sense that the injury occurred within Illinois) without jurisdiction over a person who played some role in the process ending in the harm.

We may assume that if Calaveras launched a ballistic missile from California into Illinois, the Supreme Court of Illinois would characterize this as a tortious act "in" Illinois, the place of the actual and intended injury. Similarly, Illinois might take jurisdiction under ¶ 2–209(a)(2) if Calaveras sold its product anticipating that the asbestos would come to Illinois, or that there was a high probability of its doing so. Cf. *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961). Nothing in this record

shows, or even permits the inference, that Calaveras propelled its product into Illinois or anticipated any likelihood that Manville would ship it. Manville's movement of the mineral to Illinois could not change the nature or location of Calaveras's acts, and it is doubtful that Illinois could obtain jurisdiction in such a case even if it tried. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Perhaps it has tried. In 1989 Illinois amended its long-arm statute to assert as much authority over non-resident defendants as the due process clause of the fourteenth amendment allows. Ill.Rev. Stat. ch. 110 ¶ 2–209(c). This amendment did not take effect until after Vioski filed this suit, however, and he does not rely on it. Instead Vioski contends that there is a special rule for dangerous products. Even if, in the main, an act in Illinois is essential under state law, Vioski believes that things are otherwise when the defendant produces a hazardous product. He relies on *Lichon v. Aceto Chemical Co.*, 182 Ill.App.3d 672, 131 Ill.Dec. 238, 242–43, 538 N.E.2d 613, 617–21 (1st Dist.1989) (Freeman, J.), which concludes that the due process clause allows courts to exercise jurisdiction more readily when the product in question is hazardous. Some federal decisions support the same proposition, but even if we were to agree—despite *World–Wide Volkswagen*, 444 U.S. at 295–97 & n. 11, 100 S.Ct. at 566–67 & n. 11, which looks sternly in the opposite direction—this would do Vioski no good. *Lichon* interpreted the Constitution. Vioski did not lose on constitutional grounds. He lost because Calaveras did not commit a tortious act in Illinois within the meaning of ¶ 2–209(a)(2). *Lichon* does not interpret that statute or any other state law. It accordingly offers Vioski no aid. No case Vioski cites, and none we could find, suggests that the hazardous

---

mental filings. Calaveras produced an affidavit revealing that its general partner is a Nevada corporation with its principal place of business in California. The limited partners include California trusts (for California citizens) and other corporations, incorporated in Nevada or California but all having their principal places of business in California. The parties claim that none of the other defendants is a citizen of Illinois. Prudence on the district court's part suggests a close look, however, in light of inaccurate statements concerning Calaveras.

nature of a substance matters for purposes of ¶ 2–209(a)(2).

Vioski contended in the district court that Calaveras did business in Illinois, submitting itself to general jurisdiction. The foundation of this claim was Calaveras's long-term dealings with an Illinois corporation that operated a sales office in Wisconsin, and shipment of a few tons of asbestos into Illinois (although none to Manville). The district court responded that because all of Calaveras's contacts were with the Wisconsin office of the corporation, Calaveras was not "doing business" in Illinois. Other than casting sidelong glances in his brief, Vioski has done nothing to undermine this conclusion. He stood on the theory that selling a dangerous product that enters Illinois is a tortious act in Illinois, and as we have rejected that contention, the judgment is

AFFIRMED.