**TRUSERV CORPORATION f/k/a Cotter & Company, Plaintiff,**

v.

**Hermen R. NEFF, Jay A. Miller, Richard J. Nesbit and (the Estate of) Nelson L. Miller, Jr., Defendants.**

No. 98 C 2161.

United States District Court, N.D. Illinois, Eastern Division.

June 2, 1998.

Hal R. Morris, Arnstein & Lehr, Chicago, IL, Diane T. Nauer, Cotter & Company, Jeffrey Kosc, TruServ Corp., Chicago, IL, for Truserv Corp. f/k/a Cotter & Co.

Gabrielle Sigel, Jenner & Block, Leland P. Schermer, Sweeney, Metz, Fox, McGrann & Schermer, Pittsburgh, PA, for Hermen R. Neff, Jay A. Miller, Richard J. Nesbit, Nelson L. Miller, Jr, (the Estate of), defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is a motion filed by defendants Hermen R. Neff ("Neff") and Jay A. Miller ("Miller"). This motion is defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and, in the alternative, a motion to transfer this action to the United States Dis-

trict Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court denies defendants' motion to dismiss the case for improper venue and grants defendants' motion to transfer.

## I. *BACKGROUND*

Plaintiff, TruServ, is a Delaware corporation with its principal place of business in Illinois. TruServ is the wholesaler for True Value stores ("Members"). Each True Value store signs a Member Agreement with TruServ in order to use the True Value trademark and to take advantage of other benefits that TruServ offers its members. Defendants Hermen Neff ("Neff"), Jay Miller ("Miller"), Richard Nesbitt and the estate of Nelson Miller owned, operated and guaranteed the debts of two True Value stores in Pittsburgh, Pennsylvania.

On November 5, 1982, Sutersville Lumber Company ("Sutersville") signed Member Agreements with TruServ and became and remained a member until November 5, 1997. On November 5, 1982, the defendants signed Personal Guaranties which guaranteed the payment of all amounts due to TruServ by Sutersville for merchandise and services. These Guaranties were negotiated and executed in Pennsylvania. The Personal Guaranties also provide that Illinois law governs and that TruServ is authorized to file suit against the Guarantors in Illinois ("consent to jurisdiction provision").

On November 18, 1997, TruServ notified the defendants as Guarantors that Sutersville's account was past due and that TruServ was demanding payment of the entire amount owed to them by Sutersville. TruServ asserts that as of March 1, 1998, Sutersville owed TruServ the sum of $184,094.26 for merchandise and services, plus costs, interest and attorneys fees. TruServ further asserts that the Guarantors have refused to pay TruServ for Sutersville's outstanding debt.

TruServ filed suit in the Circuit Court in Illinois. The defendants have removed the case to the Northern District of Illinois. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is complete diversity between the plaintiff and all defendants.

## II. *DISCUSSION*

### A. *Motion to dismiss under 12(b)(3) for improper venue*

Defendants first move to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons outlined below, defendants motion to dismiss is denied.

Venue is proper in this case under 28 U.S.C. § 1391(a). Section 1391(a)(2) provides that venue is proper in a district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a).

■ Defendants contend that the claim against them is centered on alleged acts and omissions that took place in Pennsylvania, not Illinois. Defendants argue that since the majority of the activities occurred in Pennsylvania, jurisdiction in Illinois is improper. Their argument ignores the fact that a "substantial part" of the events can occur in more than one place, and thus, venue can be proper in more than one district. The test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in the particular district. *Pfeiffer v. Insty Prints*, No. 93 C 2937, 1993 WL 443403, at *2 (N.D.Ill. Oct. 29, 1993).

■ Although the Guaranties were negotiated and executed in Pennsylvania, they required that payment be made in Illinois. It is the failure to pay TruServ in Illinois that forms the basis for TruServ's breach of contract claim against defendants. Because the alleged failure to perform a contractual duty in Illinois gives rise to the breach of contract claim, venue is proper even though the defendants activities in another forum might be more significant. *See H&V Silver Mine, Inc. v. Cohen*, No. 96 C 3550, 1997 WL 639229, at *4 (N.D.Ill. Oct. 6, 1997). Accordingly, defendants' motion to dismiss this action for improper venue is denied.

**B. _Motion to transfer pursuant to 28 U.S.C. § 1404(a)_**

Because defendants' motion to dismiss is denied, their motion to transfer this case to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) is appropriately considered. For the reasons outlined below, the court grants defendants' motion to transfer.

First, TruServ objects to the defendants' motion for transfer, pointing to the consent to jurisdiction provisions in the Guaranties. TruServ maintains that the Guarantors consented to venue in Illinois and thus venue is proper in the Northern District of Illinois.

 Defendants acknowledge that they have consented to jurisdiction, but contend that the provision does not establish this court as the exclusive venue. The court agrees. A plain reading of the contractual provisions reveals that Illinois is merely established as a permissible forum with jurisdiction over the defendants. This court will not interpret the provisions as granting the courts of Illinois exclusive venue for adjudication of contractual disputes. If TruServ desires the courts of Illinois to be the exclusive venue, it need only modify its documents to unambiguously provide for that. Having determined that the consent to jurisdiction provisions do not preclude this motion, the court will proceed with the inquiry mandated by § 1404(a) and interpretive provisions.

 A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. _Vandeveld v. Christoph_, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The weight to be accorded each of the above factors is left to the sound discretion of the court. _Coffey v. Van Dorn Iron Works_, 796 F.2d 217, 219 (7th Cir.1986).

**1. Venue is proper in both the transferor and the transferee court**

This court has already determined that venue is proper in the Northern District of Illinois. Venue is also proper in the Western District of Pennsylvania as that is where all the defendants reside. _See_ U.S.C. § 1391(a). Thus, the focal point of this analysis is the convenience of parties and witnesses and the interest of justice, to which this court now turns.

**2. The convenience of the parties and witnesses and the interest of justice**

 The defendant has the burden of showing that "the transferee forum is clearly more convenient." _Heller Fin., Inc. v. Midwhey Powder Co., Inc._, 883 F.2d 1286, 1293 (7th Cir.1989). In evaluating a request for transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. _Medi USA, L.P. v. Jobst Inst., Inc._, 791 F.Supp. 208, 210 (N.D.Ill.1992). Private factors include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties, their residences and their abilities to bear the expense of trial in a particular forum. _Id._ Public interest factors include: (1) the relation of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for earlier trial. _Hughes v. Cargill, Inc._, No. 94 C 1072, 1994 WL 142994, at *2 (N.D.Ill. Apr. 14, 1994). In this case, both the private interests of the parties and the public interest of the courts weigh strongly in favor of transferring this case to the Western District of Pennsylvania.

**a. Private interest factors**

 TruServ chose the courts of Illinois to litigate this action. TruServ's choice of forum is normally given deference, unless the chosen forum lacks any significant connection with the claim. _Heller Fin., Inc. v. Riverdale Auto Parts, Inc._, 713 F.Supp. 1125, 1129 (N.D.Ill.1989). It is appropriate, therefore, to discuss TruServ's choice of forum together

with the situs of material events.[1] There are connections to Illinois, as the Guaranties were accepted by TruServ in Illinois and by their terms they are governed by Illinois law. TruServ has an office in Illinois where the payments under the Guaranties were to be sent. However, Pennsylvania also has significant contacts with this case. Defendants assert, and TruServ does not deny, that all negotiations and the execution of these Guaranties took place in Pennsylvania, and all the parties who were present at that time are current residents of Pennsylvania. When "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value." *Dunn v. Soo Line R.R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill. 1994). Therefore, the weight accorded TruServ's choice of forum is reduced by the fact that Pennsylvania is where the conduct and events giving rise to this cause of action took place.

The third private interest factor, the appearance of witnesses, is often viewed as "the most important factor in the transfer balance." *Rose v. Franchetti*, 713 F.Supp. 1203, 1214 (N.D.Ill.1989). This determination should not turn on which party produces a longer witness list. *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870, 876 (N.D.Ill.1994). Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case. *Vandeveld*, 877 F.Supp. at 1168.

TruServ contends that it would be obligated to produce its Vice President of Retail Finance, an Illinois resident, and any one of its order or payment processors along with other Illinois based employees. TruServ asserts that Mr. Hamil, the Regional Credit Manager in charge of Sutersville's account, is a necessary witness. TruServ alleges that Mr. Hamil, an Indiana resident, suffers from heart problems which would be further jeopardized by "repeated trips to Pennsylvania." *See* Response at p. 11. Defendants contend, however, that the amount of the debt in question will not be the primary issue in the case. The defendants insist that all of the witnesses for the primary issue of their defense will be the parties who were present when the Guaranties were executed, all of whom are currently Pennsylvania residents. The plaintiff agrees that this "is a simple collection case which should not require a large amount of time to determine." *Id.* at 14. Therefore, the court does not anticipate that the Illinois based TruServ employees will be required to make "repeated trips to Pennsylvania." Consequently, this third factor also weighs in favor of a transfer.

Consideration of the parties' respective residences and their abilities to bear the expense of trial in a particular forum also favors litigating this action in the Western District of Pennsylvania. Defendants are Pennsylvania residents who have no contact with Illinois. The individual defendants claim that, as retired individuals, they will face financial hardship if forced to litigate in Illinois. They further assert that they are both elderly, suffer from health problems, and that one of the defendants is under doctor's orders not to travel. TruServ, on the other hand, is a large corporation which is qualified to do business in Pennsylvania and better able to bear the expense of litigating in the transferee forum.

### b. Public interest factors

Certainly, the Northern District of Illinois is more familiar with Illinois law, which governs this dispute, than the Western District of Pennsylvania. Yet, courts are often called upon to decide substantive legal questions based upon another state's laws. Certainly, TruServ cannot contend that Illinois contract law is so unique as to be beyond the comprehension of our sister circuit in Pennsylvania. Moreover, Pennsylvania courts have a strong interest in hearing breach of contract claims which involve their residents. *See Vandeveld*, 877 F.Supp. at 1165. Thus, the inter-

---

1. TruServ alleges that a substantial portion of the transactions constituting the alleged violation occurred in Illinois. In support of this, TruServ refers to events which occurred concerning their relationship to and interaction with Sutersville Lumber Company. Sutersville Lumber Company is not a party to this action. Therefore, the court will look to the events which gave rise to the alleged breach of the Guaranty Agreements between TruServ and the defendants.

ests of justice remain neutral in favoring one forum over another.

Although the interests of justice remain neutral in favoring a forum, the considerations of convenience favor the transfer of this case. Accordingly, the court grants defendants' motion to transfer this action to the United States District Court for the Western District of Pennsylvania.

## III. CONCLUSION

For the foregoing reasons, the court denies defendants' motion to dismiss TruServ's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). The court grants defendants' motion to transfer to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, pursuant to 28 U.S.C. § 1404(a).