**Matthew P. PASULKA, Plaintiff,**

v.

**William S. SYKES, Defendant.**

**No. 00 C 0860.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 9, 2001.

Jonathan I. Loevy, Arthur R. Loevy, Chicago, IL, Danielle Loevy, Loevy & Loevy, Chicago, IL, for Matthew P Pasulka, plaintiff.

Thomas Paul Luning, Carolyn L. Morehouse, Schiff, Hardin & Waite, Chicago, IL, for William Sykes, defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

In the summer of 1998, Matthew Pasulka, a lawyer residing in Greenville, South Carolina, was hired by William Sykes and Daniel Brady, both then residents of South Carolina, to obtain a patent on the accelerated steel removal ("ASR") process developed by Mr. Sykes, which he claimed greatly reduced the time needed to cut steel in ship repairs. The patent application was filed on October 5, 1998, and the patent issued on July 9, 1999. Mr. Pasulka claims that the three discussed a business venture and formed an oral partnership at a May 15, 1999 meeting in South Carolina. In August 1999, Mr. Pasulka alleges that Mr. Brady resigned from the partnership and he took over his interest in that enterprise. During the following months, Mr. Pasulka says that he invested significant capital, time and legal services into the business venture with the "knowledge and acquiescence" of Mr. Sykes, only to have Mr. Sykes stop returning his phone calls in October and deny Mr. Pasulka's role in the business.

In July 1999, Mr. Pasulka left his law firm in South Carolina and moved to Chicago, Illinois, where he had family, and joined the law firm of Vedder Price Kaufman & Kammholz ("Vedder Price"). Mr. Pasulka claims his move was to earn more money to support Mr. Sykes and the business; Mr. Sykes denies this and claims the move was for reasons unrelated to him and his business, namely because he had family in Chicago. Mr. Sykes is currently a resident of Chesapeake, Virginia, and from July 1998 to August 1999, was a resident of Florida and before July 1998 was a resident of South Carolina. Mr. Sykes has not been in Illinois since he was in Navy boot camp in 1972, and claims the only connection that the Northern District of Illinois has to this case is that Mr. Pasulka relocated here. Mr. Sykes moves to dismiss the case for lack of personal jurisdiction or improper venue, Fed.R.Civ.P. 12(b)(2), (3), or to transfer the case to the Eastern District of Virginia under 28 U.S.C. § 1404(a) I deny both the motion to dismiss and the motion to transfer.

### I.

A federal district court sitting in diversity has personal jurisdiction over a nonresident only if a court of the state in which it sits would have such jurisdiction. *Mid–America Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1358 (7th Cir.1996). I have personal jurisdiction over a party only if an Illinois state court would have such jurisdiction. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.,* 906 F.2d 276, 279 (7th Cir.1990). In federal court, the plaintiff has the burden of demonstrating the

existence of personal jurisdiction, *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir.1998), and I construe all disputed facts that bear on jurisdiction in the light most favorable to the plaintiff, *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983).

▆▆▆ Under Illinois law, the long-arm statute permits *in personam* jurisdiction over a party to the extent allowed under the due process clause of the Fourteenth Amendment. 735 ILCS 5/2–209(c); *Vioski v. Calaveras Asbestos, Ltd.,* 929 F.2d 352, 353 (7th Cir.1991). Federal due process demands that a court exercise personal jurisdiction over a nonresident only if the defendant has "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (citations omitted). The exercise of personal jurisdiction must also be consistent with the Illinois Constitution's "separate and independent" guarantee of due process. *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1316 (1990). It must be "fair, just and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.* Accordingly, I determine whether the assertion of jurisdiction over the defendants would satisfy the United States and Illinois Constitutions.

## II.

### A.

▆▆▆ Mr. Pasulka argues that Mr. Sykes has sufficient contacts with Illinois to subject him to personal jurisdiction. Whether particular contacts satisfy due process depends on whether jurisdiction is general or specific. Specific jurisdiction is "jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.' " *RAR, Inc. v.*

*Turner Diesel, Ltd.,* 107 F.3d 1272, 1277 (7th Cir.1997) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). The essential inquiry for specific jurisdiction is whether the defendant "purposely availed" himself of the benefits and protections of Illinois law such that he could anticipate being haled into court here. *Id.* Where the case involves a breach of an agreement, "it is only the dealings between the parties in regard to the disputed contract that are relevant to the minimum contacts analysis." *See id.* at 1278 (internal quotations omitted). I may consider contacts beyond those related to this cause of action to determine whether general jurisdiction exists. General jurisdiction arises when the defendant has "continuous and systematic general business contacts" with Illinois, *RAR,* 107 F.3d at 1277, that "evidence a purpose on the part of the defendant to avail himself of the protections of the laws of Illinois," *Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.,* 892 F.2d 566, 570 (7th Cir.1989).

Mr. Pasulka sues Mr. Sykes for breach of an alleged oral partnership agreement, which was formed in South Carolina in May 1999. Mr. Sykes denies the existence of the partnership, but for the purposes of this motion, I must assume that it existed. *See Nelson,* 717 F.2d at 1123. Mr. Pasulka alleges that Mr. Sykes' contacts with Illinois include: (1) hiring an Illinois law firm to perform patent work, (2) establishing the licensing arm of his partnership with Mr. Pasulka in Illinois, (3) Mr. Pasulka's possession of the partnership's books and records in Illinois, (4) "knowledge [of] and acquiescence" in Mr. Pasulka's performance of services on behalf of the partnership while in Illinois, and (5) communicating with Mr. Pasulka in Illinois via telephone. To establish that his cause of action "arises out of" these contacts, Mr. Pasulka need only show that it "lies in the wake of the transaction of business." *Diamond Mortgage Corp. of*

*Ill. v. Sugar*, 913 F.2d 1233, 1245 (7th Cir.1990).

█ Mr. Sykes admits that he retained the Illinois firm of Vedder Price to perform patent work for him, but he argues that Mr. Pasulka "dragged him to it," so this cannot constitute purposeful availment. However, in his deposition, Mr. Sykes admitted that, although Mr. Pasulka originally presented the idea of retaining Vedder Price, the final decision rested with Mr. Sykes. The relationship with Vedder Price can only be the basis for specific personal jurisdiction if the cause of action (breach of an oral partnership agreement) "lies in its wake." If Vedder Price were suing Mr. Sykes over matters in the scope of its representation, Mr. Sykes' decision to retain an Illinois law firm might be relevant. But Mr. Pasulka's claim arises out of his *own* work on behalf of the partnership, not the work of Vedder Price generally. The relevant contacts for specific jurisdiction in this case are Mr. Pasulka's communications with Mr. Sykes, Mr. Sykes' knowledge of and acquiescence in Mr. Pasulka's efforts on behalf of the partnership, and the agreement to establish an arm of the partnership in Illinois.

Mr. Sykes estimates that he had between twenty and thirty telephone conversations with Mr. Pasulka, but he disputes that he initiated any of them. Mr. Pasulka says that he did, and on this motion I must resolve this dispute in Mr. Pasulka's favor. Essentially, Mr. Pasulka alleges that Mr. Sykes conducted the business of the partnership, which is the subject of the current dispute, over the telephone in his conversations to Illinois. Mr. Sykes himself did not physically enter Illinois, but Mr. Pasulka maintained partnership records, solicited legal advice on behalf of the partnership, and invested his own time, capital and legal services in the partnership in Illinois, "all with the knowledge and acquiescence of [Mr.] Sykes." Of course, Mr. Pasulka' s actions themselves cannot form the basis of personal jurisdiction; it axiomatic that personal jurisdiction concerns the contacts of the defendant, not the plaintiff. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 947 (7th Cir.1992). But Mr. Pasulka's allegation is that his lawsuit arises out of the conversations, not merely out of his own actions.

█ Personal jurisdiction may be proper over a defendant who has never set foot in Illinois where his telephone contacts establish an ongoing business relationship in the state. *Heritage House Rests., Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 284 (7th Cir. 1990). Mere telephone contact may be an insufficient basis for personal jurisdiction where the communications relate to contract duties to be performed entirely out-of-state. *See Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 395 (7th Cir.1994) (citing *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc.*, 597 F.2d 596, 604 (7th Cir.1979)). But here the telephone communications were about partnership activities to be carried out in Illinois; although not physically in Illinois, Mr. Sykes was engaging in an ongoing business relationship here. He was participating over the telephone in partnership decisions and "acquiescing" in Mr. Pasulka's acts on behalf of the partnership. Mr. Pasulka's claim for breach of the partnership agreement and fiduciary duty "lies in the wake" of those communications, and this is sufficient to establish that Mr. Pasulka's cause of action "arises out of" Mr. Sykes' telephone contacts with Illinois.

Moreover, Mr. Pasulka alleges that he and Mr. Sykes agreed that the "licensing arm" of the partnership would be located in Illinois. Mr. Pasulka appears to argue that the existence of a partnership is a sufficient basis for personal jurisdiction in a diversity action where one of the partners resides in Illinois because a partnership is a citizen of every state in which any of its partners reside or are citizens. This is an accurate statement of the law for the purposes of subject matter jurisdiction, but ·Mr. Pasulka does not explain the relevance

to personal jurisdiction. Although he has framed his argument incorrectly, an agreement to establish the licensing arm of the partnership in Illinois is a relevant contact for the purposes of personal jurisdiction. To the extent that Mr. Sykes agreed to establish the licensing arm in Illinois,[1] he has availed himself of the benefits and protections of Illinois law, and it is neither unforeseeable nor unfair that he should be haled into court here for causes of action arising out of the agreement. Because I find that there is specific personal jurisdiction over Mr. Sykes, I need not examine his contacts with Illinois for the purposes of general jurisdiction.

I must conduct and independent analysis of due process under Illinois law, but I may look to federal due process law for guidance. *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill.Dec. 384, 565 N.E.2d 1302, 1316 (1990). Because neither party offers any reason to otherwise construe the facts in light of the Illinois Constitution, I find that the exercise of personal jurisdiction over Mr. Sykes would not violate requirements of Illinois due process. *See Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.,* 15 F.3d 721, 725 (7th Cir. 1994).

**B.**

 Mr. Sykes also moves to dismiss for improper venue. In a diversity action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). Mr. Pasulka need not demonstrate that a majority of the events giving rise to his claim took place in Illinois, but only that a "substantial portion" of the events took place here. *TruServ Corp. v. Neff,* 6 F.Supp.2d 790, 792 (N.D.Ill.1998). Mr. Sykes argues that the only connection to Illinois is Mr. Pasulka's relocation to Chicago and unilateral acts taken by him here. But "venue under

[§ ] 1391(a)(2) may be satisfied by a communication to or [from] the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." *Celozzi v. Boot,* No. 00 C 3285, 2000 WL 1141568, at *6 (N.D.Ill. Aug.11, 2000) The telephone conversations between Mr. Pasulka in Illinois and Mr. Sykes on the east coast and the actions taken By Mr. Pasulka on Mr. Sykes' behalf are sufficiently connected to the cause of action to render venue proper in this district. Mr. Sykes' motion to dismiss is therefore DENIED.

**III.**

 In the alternative, Mr. Sykes moves to transfer venue to the Eastern District of Virginia under 28 U.S.C. § 1404(a). The party requesting a transfer to another venue must show that the transferee forum is "clearly more convenient." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989). "A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; (3) transfer is in the interests of justice." *TruServ,* 6 F.Supp.2d at 793. The weight to accord to each factor is a matter within my discretion. *Id.* Because Mr. Sykes lives in Virginia, venue would be proper there as well as in Illinois. Venue is not clearly proper in either district based on the convenience of the parties and witnesses: Virginia is more convenient for Mr. Sykes and his witnesses on the east coast, but Illinois is more convenient for Mr. Pasulka and his witnesses. Neither the first nor the second factor tips the scales in any meaningful way.

 In evaluating the interests of justice, I may consider factors such as the plaintiff's choice of forum, the location of the witnesses and documentary evidence,

---

1. Mr. Sykes disputes that he ever agreed to establish a licensing arm in Illinois, but again, I resolve factual disputes in favor of Mr. Pasulka on this motion.

the relative abilities of the parties to bear the expenses of trial in a foreign jurisdiction, and where material events occurred. *Id.* at 793. I may also consider the court's familiarity with applicable law and the likelihood of obtaining a speedy trial. *Id.; Midwhey,* 883 F.2d at 1293. Ordinarily, the plaintiff's choice of forum is given deference, unless it lacks any significant contacts with the claim. *TruServ,* 6 F.Supp.2d at 794. Mr. Pasulka chose to sue in Illinois, and there are significant Illinois contacts with the cause of action. The documentary evidence in this case is minimal, so its availability does not weigh heavily in favor of transfer. Mr. Pasulka lists eleven witnesses in Illinois, most of whom will testify to work done in Illinois on behalf of the partnership. Other than the parties, the only witness to the formation of the partnership agreement is Mr. Brady, who lives in South Carolina. Because neither Virginia nor Illinois is particularly convenient for him, this also does not demonstrate that Virginia is clearly more convenient. *See United Air Lines, Inc. v. Mesa Airlines, Inc.,* 8 F.Supp.2d 796, 799 (N.D.Ill.1998) (Bucklo, J.).

■ Mr. Sykes contends that there would be greater financial hardship on him than on Mr. Pasulka in proceeding in a foreign forum, but he raises this argument for the first time on reply, so it is waived. *See Washington v. Indiana High Sch. Athletic Assoc.,* 181 F.3d 840, 846 n. 9 (7th Cir.1999). The only other factor that could arguably tip the scales in favor of transfer to Virginia is the so-called "rocket docket" there, which would presumably ensure a speedy trial. However, because this is the only factor, Mr. Sykes has not met his burden of showing that Virginia is clearly more convenient, so his motion to transfer is DENIED.